IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| DIANA E. EDDY-FIEBIG, | ) CASE NO. 1:19-CV-02604 |
| Plaintiff, | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) MEMORANDUM OPINION AND ORDER |
| Defendant. | ) |

**Introduction**

Before me[1] is an action by Diana E. Eddy-Fiebig under 42 U.S.C. § 405(g) seeking judicial review of the 2018 decision the Commissioner of Social Security that denied Eddy-Feibig's 2017 application for disability insurance benefits and 2016 application for supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Pursuant to my initial[5] and procedural[6] orders, the parties

---

[1] The parties have consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Benita Y. Pearson. ECF No. 21.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF No. 6.
[6] ECF No. 11.

1

have filed briefs,[7] together with supporting charts[8] and fact sheets.[9] The parties have also met and conferred with the goal of reducing or clarifying the issues[10] and have participated in a telephonic oral argument.[11]

For the following reasons, the decision of the Commissioner will be affirmed.

## Facts

The ALJ's Decision

Eddy-Fiebig was born in 1986,[12] has an associate's degree[13] and lives with her husband and children.[14] She has past relevant work as an office clerk and sales clerk,[15] although she has not engaged in substantial gainful activity since December, 2010.[16]

The ALJ found that she has the following severe impairments:

> Degenerative disc disease, fibromyalgia, carpal tunnel syndrome, undifferentiated arthritis, obesity, major depressive disorder, generalized anxiety disorder, attention deficit disorder, and personality disorder.[17]

---

[7] ECF Nos. 13 (Eddy-Fiebig brief), 17 (Commissioner brief), 18 (Eddy-Fiebig reply).
[8] ECF No. 17, Attachment 1 (Commissioner chart).
[9] ECF No. 14 (Eddy-Fiebig fact sheet).
[10] ECF No. 19.
[11] ECF No. 23.
[12] Tr. at 24.
[13] *Id*. at 16.
[14] *Id*.
[15] *Id*. at 23.
[16] *Id*. at 13.
[17] *Id*.

The ALJ then considered if any of Eddy-Feibig's impairments met or equaled a listing.[18] After reviewing the evidence as it pertains to listings related to specific severe impairments, the ALJ then evaluated obesity and fibromyalgia according to the regulations since these impairments do not have separate, specific listings.[19] She noted that no treating or examining physician mentioned findings, nor did the evidence show any medical findings, that would show any impairment met or medically equaled a listing.[20]

After considering the record, the ALJ found that Eddy-Feibig has the residual functional capacity (RFC) for light work with the following exceptions:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk for six hours in an eight-hour workday and sit for six hours but with a sit/stand option every hour that lasts for five minutes but is not leaving the workstation. The claimant can occasionally climb stairs or ramps, no ladders, ropes, or scaffolding, frequently balance or stoop, and occasionally kneel, crouch and crawl. The claimant can bilaterally reach in front frequently, but only occasionally reach overhead. The claimant can frequently handle, finger, and feel. The claimant must not be exposed to extreme cold or humidity. The claimant can perform simple routine tasks with simple short instructions, simple decisions, few workplace changes, no fast pace production quota, and occasional interaction with the public.[21]

After determining that Eddy-Feibig could not perform her past relevant work,[22] the ALJ obtained testimony from a vocational expert (VE) that a person with Eddy-Fiebig's age, education, past relevant work and RFC could perform the jobs of garment sorter, mail

---

[18] *Id*. at 14.
[19] *Id*.
[20] *Id*. at 14-17.
[21] *Id.* at 17.
[22] *Id*. at 23.

3

clerk, and folder, and that those jobs are available in significant numbers in the national economy.[23] Accordingly, Eddy-Fiebig was found not disabled.[24]

Issues for judicial review

Eddy-Fiebig raises three issues on judicial review:

1. The ALJ failed to apply the correct legal standards.

2. The ALJ's determination regarding credibility was not supported by substantial evidence.

3. The ALJ did not meet her burden at Step Five.[25]

As to the first issue, Eddy-Fiebig contends that the various non-severe impairments – gastritis, thyroid nodule, greater trochanteric bursitis, lateral epicondylitis, hypertension and right shoulder quadrilateral space syndrome – are all documented as being treated by her physicians and impose greater limitations, especially on her upper extremities, than the ALJ recognized.[26] Further, she maintains that the ALJ did not fully consider the effects of her obesity, as required under the regulations, and also failed to properly consider the effects of her fibromyalgia, as required under the relevant regulation.[27] Moreover, she asserts that the ALJ erred by failing to find that some combination of her severe impairments equaled the criteria of any listing.[28]

---

[23] *Id*. at 24-25.
[24] *Id*.at 25.
[25] ECF No. 13 at 1.
[26] *Id*. at 12.
[27] *Id*. at 12-13.
[28] *Id*. at 13.

4

In addition, she argues here that the ALJ erred by giving only partial weight to the opinions of the state agency reviewing physicians and to the opinion of the treating rheumatologist, while giving considerable weight to the opinion of the consultative psychologist.[29] She also alleges that the ALJ "failed to consider" an observation from an examining psychologist and "ignored" statements from a treating rheumatologist.[30] In particular, she contends that the ALJ committed reversible error by assigning only partial weight to the symptoms described by her treating rheumatologist, Dr. Gheorghe Ignat.[31]

As to the second issue, Eddy-Fiebig maintains that the ALJ did not properly evaluate the medical evidence nor make a "defensible determination" as to whether Eddy-Fiebig's testimony was credible.[32] Specifically, she argues that her subjective complaints are supported by objective medical evidence: an EEG, x-rays revealing degenerative disc disease, an x-ray showing left hip osteoarthritis, tender point findings, a cervical MRI, an MRI of her arm and a nerve conduction study documenting early carpal tunnel syndrome.[33]

In her final argument as to Step Five, Eddy-Fiebig contends that her symptoms, which she argued above, should have been credited and the objective evidence show she cannot engage in substantial gainful activity on a sustained basis.[34] She also points out that

---

[29] *Id*. at 14.
[30] Id. at 14-15.
[31] *Id*. at 15-17.
[32] *Id*. at 19.
[33] *Id*. at 19-20.
[34] *Id*. at 21.

5

her carpal tunnel syndrome and other extremity limitations preclude her from handling and fingering on more than an occasional basis.[35]

## Analysis

I observe initially that the issues here are considered under the well-established substantial evidence standard, which need not be restated.

The finding of various non-severe impairments is not challenged. Eddy-Freibig now argues for greater limitations from these impairments.[36] Further, she argues that the finding that the bursitis caused significant limitations in the use of her arms is "misguided" since the bursitis concerns her hips.[37] The Commissioner, for his part, concludes that even if the ALJ should have considered these impairments "severe," any error was harmless because the ALJ addressed these impairments throughout the opinion.[38]

To that point, the ALJ's explicit statement that she considered whether Eddy-Feibig met or equaled a listing both as to an individual impairment and as a combination of impairments is sufficient to show she made that analysis.[39] Further, the finding that Eddy-

---

[35] *Id*.
[36] ECF No. 17 at 2.
[37] *Id*. at 2.
[38] *Id*. at 3 (citing *Nejat v. Comm'r*, 359 Fed. Appx. 451, 457 (6th Cir. 2009).
[39] *Id*. at 4 (citing *Booth v. Comm'r*, 2009 WL 580312, at *6 (N.D. Ohio Mar. 5, 2009) (citation omitted).

Freibig's impairments did not meet or equal a listing was supported by the opinions of two consulting physicians, which the ALJ could rely upon.[40]

Moreover, the ALJ fully discussed the medical evidence when considering the limitations of the RFC. In particular:

> 1. Imaging showed degenerative changes in the back, but examinations consistently showed normal strength in her legs, range of motion and reflexes;[41]
>
> 2. Imaging showed carpal tunnel syndrome, but no evidence of ulnar nerve entrapment and no evidence of peripheral neuropathy;[42]
>
> 3. Obesity was recognized as a severe impairment, but "examining physicians consistently found that she appeared healthy and maintained normal physical functioning despite her obesity;[43]
>
> 4. Fibromyalgia was discussed and the tender point examination was referenced but notes from the treating physician showed she was improving and her medications were helping, and that reports of pain existed alongside normal neurological exams.[44]

As to Dr. Ignat, Eddy-Fiebig's treating physician, he did not provide a medical opinion to be weighed.[45] Rather, Dr. Ignat provided a statement that he was treating Eddy-Fiebig for fibromyalgia and that her symptoms included fatigue, pain, stiffness, swelling, and flareups.[46] As such, this statement did not opine on any work-related functional limitations.[47] Further, neither were Dr. Ignat's treatment notes a functional opinion that the

---

[40] *Id.* at 5 (citing *Wamsley v. Comm'r*, 2018 WL 6732868, at *3 (N.D. Ohio Nov. 14, 2018), *report and recommendation adopted by* 2019 WL 580571 (N.D. Ohio Feb. 13, 2019).
[41] ECF No. 17 at 6 (citing record).
[42] *Id.* at 7 (citing record).
[43] *Id.* (citing record).
[44] *Id.* at 8 (citing record).
[45] *Id.* at 9.
[46] *Id.* (citing record).
[47] *Id.*

ALJ was obligated to weigh and analyze.[48] Moreover, Eddy-Feibig could have requested a detailed functional opinion from Dr. Ignat, but did not.[49]

Finally, as to the analysis of Eddy-Feibig's credibility, the ALJ is not required to analyze all the regulatory factors related to credibility so long as substantial evidence supports the finding.[50] Here, the ALJ's analysis of the medical evidence and of Eddy-Feibig's daily activities, along with the fact that the symptoms of her fibromyalgia responded to treatment, supports the finding on credibility that should here be accorded great deference.[51]

## Conclusion

Therefore, for the reasons stated, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated: March 31, 2021                       s/William H. Baughman Jr.
                                                            United States Magistrate Judge

---

[48] *Id*. at 10.
[49] *Id*.
[50] *Felinsky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994).
[51] *Id*. at 13-14 (citing *McDaniel v. Saul*, 2020 WL 511988, at *16-17 (N.D. Ohio Jan.30, 2020).